## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARTIAYNA WATSON, | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **No. 21-1023-LFR** |
| | : | |
| DIVISION OF STATE POLICE, | : | |
| DEPARTMENT OF SAFETY & | : | |
| HOMELAND SECURITY, | : | |
| STATE OF DELAWARE | : | |
| | : | |
| **Defendant.** | : | |

**Restrepo,** *Circuit Judge*                              **September 21, 2022**

### MEMORANDUM

Before the Court is Defendant's Motion for Summary Judgment.  (D.I. 17).  The

motion has been fully briefed.  (D.I. 18, 26, 27).  For the reasons set forth below, the mo-

tion will be GRANTED.

## I.      BACKGROUND

On July 14, 2021, Plaintiff Martiayna Watson ("Plaintiff") commenced this action

against Division of State Police, Department of Safety and Homeland Security, State of

Delaware ("DSP") pursuant to 42 U.S.C. § 1983, bringing federal constitutional claims

and related state law claims.  (D.I. 1).  Plaintiff contends that her Fourth and Fourteenth

Amendment rights were violated during a traffic stop related to a robbery investigation,

even though she was not a suspect.  (D.I. 19 at 1–2).  In the Complaint, Plaintiff fails to

name any officer in their official or individual capacity and instead alleges claims only against DSP.  (D.I. 1 at 1).

## II.    LEGAL STANDARD

Summary judgment is appropriate where, drawing all reasonable inferences in favor of the non-moving party, there is no genuine dispute of material fact, and the moving party is entitled to a judgment as a matter of law.  FED. R. CIV. P. 56(a); *see also Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).  A dispute of material fact is considered genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To overcome summary judgment, the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue."  *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (citation and internal quotation marks omitted).  If the non-moving party fails to make a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment must be granted.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.    DISCUSSION

Plaintiff brings Section 1983 claims against DSP for alleged violations of her Fourth and Fourteenth Amendment rights by DSP officers.  (D.I. 1 at 1).  The primary issue is determining whether DSP—a state agency—is subject to suit.

Generally, suits against states are barred under the Eleventh Amendment and the doctrine of sovereign immunity.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S.

2

25

89, 100 (1984).  This jurisdictional bar extends to state agencies, departments, or officers acting in their official capacity and applies regardless of the nature of the relief sought. *Id.*  There are, however, three exceptions to Eleventh Amendment immunity.  *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).  First, the states may waive their immunity and consent to be sued.  *Alden v. Maine*, 527 U.S. 706, 755 (1999).  Second, Congress may abrogate the states' immunity if it "unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority."  *Bd. of Tr. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).  The third exception applies when "an action against a state officer alleges an ongoing violation of federal law and seeks prospective relief."  *MCI*, 271 F.3d at 507.

While Section 1983 provides a federal forum to remedy deprivations of civil liberties, it does not provide a federal forum to litigants who seek a remedy against a state or one of its agencies or departments for these alleged deprivations.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (holding that the Eleventh Amendment bars claims brought against states under Section 1983); *see also Pennhurst*, 465 U.S. at 100 (stating that Eleventh Amendment immunity extends to state agencies or departments). Moreover, a Section 1983 suit against a state official acting in their official capacity is treated as a suit against the official's office and is, therefore, precluded by the Eleventh Amendment.  *Will*, 491 U.S. at 71.  However, state officials can be sued in their individual capacity under Section 1983.  *See Hafer v. Melo*, 502 U.S. 21, 31 (1991) (holding that the Eleventh Amendment does not preclude Section 1983 suits against state officials in their individual capacity).

3

Plaintiff names a state agency—DSP—as the sole defendant in her complaint.  (D.I. 1).  Plaintiff herself concedes that her "claims are barred by the Eleventh Amendment to the United States Constitution as to [DSP]," but contends that the claims are not barred against unnamed police officers in their individual capacity.  (D.I. 26 at 10).  While her complaint alleges constitutional violations by police officers, they are not named as defendants in either their official or individual capacity.  (D.I. 1).  In addition, Plaintiff fails to provide any evidence apart from conclusory allegations against unnamed police officers and fails to establish the essential elements of her case.  (D.I. 1, 26).

Furthermore, no exceptions to Eleventh Amendment immunity apply in this case. First, the State of Delaware has not waived its immunity from suit in federal court.  *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (holding that the State did not waive its immunity from suit in federal court).  Second, Congress, in passing Section 1983, did not intend to abrogate states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 332 (1979) (holding that Section 1983 does not abrogate states' Eleventh Amendment immunity).  Finally, Plaintiff does not allege ongoing violations of federal law by the police officers from which she seeks prospective relief.  (D.I. 1).  Consequently, the Eleventh Amendment precludes Plaintiff's Section 1983 claims. Therefore, Plaintiff's claims are barred by sovereign immunity, and DSP is entitled to a summary judgment as a matter of law.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment.  (D.I. 17).  An appropriate order follows.

4